**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALI ASGHAR, )<br>13443 Millwood Drive, #23 )<br>Woodbridge, VA 22191, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>John W. Snow, )<br>Secretary of the Treasury )<br>1500 Pennsylvania Avenue, N.W. )<br>Room 2134 )<br>Washington, DC 20220, )<br>)<br>    Defendant. ) | Case No. _____ |

**COMPLAINT**
(Employment Discrimination)

**Introduction**

1. This action is brought under the Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by Section 102 of the Civil Rights Act of 1991, Pub. L. 102-166 (Nov. 21, 1991), 42 U.S.C. § 1981a, to remedy acts of discrimination Plaintiff endured based upon his national origin, race and/or color, which created a hostile work environment, and retaliation for prior Equal Employment Opportunity in violation of the Act.

**Jurisdiction**

2. This Court has subject-matter jurisdiction over the claim of discrimination raised herein pursuant to Title VII of the Civil Rights Act of 1964, as amended, under 42 U.S.C. §

2000e-16(c). In this regard, because more than 180 days have elapsed since he filed his formal EEO complaint (Agency No. TD-05-2247 and EEOC No. 100-2006-00093X) on March 1, 2005, Plaintiff exhausted his available administrative remedies on his Title VII claim raised herein.

## Venue

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as the discriminatory actions were taken in this district and the records pertaining to plaintiff are maintained in this district.

## Exhaustion of Administrative Remedies

4. Plaintiff has sufficiently exhausted available administrative remedies under the Civil Rights Act; more than 180 days have elapsed since he filed his formal EEO complaint (Agency No. TD-05-2247 and EEOC No. 100-2006-00093X) on March 1, 2005.

## Parties

5. The Plaintiff, Ali Asghar ("Mr. Asghar") is a 50-year old Asian, Muslin male who was born in Afghanistan and is of Afghanistanian decent. Mr. Asghar is a resident of Woodbridge, Virginia. At all times relevant to this complaint, Mr. Asghar has worked for the Bureau of Engraving and Printing ("BEP"), located in Washington, D.C., as a Currency Checker Processor.

6. The Defendant, John W. Snow, is the Secretary of the Treasury and is being sued only in his official capacity as the head of a department of the government of the United States of America. Defendant Snow is here sued only in his official capacity. The BEP is a division within the Department of the Treasury.

7. Mr. Asghar complains that the person primarily responsible for the violations of Title VII as described herein is Mr. James Brent ("Mr. Brent"), who is Mr. Asghar's second-level supervisor at the BEP. In addition, Mr. Asghar complains that Ms. Felicia Jackson ("Ms. Jackson") made derogatory comments about Mr. Asghar based upon his national origin, race and/or color.

**Facts**

8. Mr. Asghar has a long history of EEO actions involving Mr. Brent. The first EEO action occurred between 1996 and 1998, and the second EEO action was during the years 1999 and 2000.

9. In March 2004, Mr. Asghar returned to his home country, Afghanistan, after about 25 years. While abroad, Mr. Asghar used annual leave he had accrued during his years of government service. Near the end of May 2004, Mr. Asghar flew back to the United States. He returned to work at the BEP on June 1, 2004.

10. On July 15, 2004, Mr. Asghar again visited Afghanistan, but this time he was on leave without pay (LWOP) from his work. Mr. Asghar went to the BEP the week of November 3, 2004 to visit the agency's credit union and to give some gifts to co-workers that he had brought from Afghanistan. Although he did not go to the BEP for work that day, his security badge permitted him to enter the building. Mr. Asghar's security badge was in green status, which permitted him to enter the BEP.

11. Mr. Asghar returned to the BEP for work on November 8. However his badge had been changed to red status, which prohibited from entering the building unescorted. The security officer, Mr. Glen Alonzo, took Mr. Asghar to Mr. Alonzo's office and asked Mr. Asghar

many odd questions. Mr. Alonzo then escorted Mr. Asghar out of the building and told him not to come back until Mr. Alonzo contacted him.

12. After several weeks elapsed without receiving a phone call from Mr. Alonzo, Mr. Asghar telephoned Mr. Alonzo to inquire about his status. Mr. Alonzo informed Mr. Asghar that he was investigating him and that he thought that Mr. Asghar "may be involved in a terrorist activity." Mr. Alonzo added that the BEP had told the FBI about him, and that the FBI was planning to conduct an investigation of him before the BEP decided to allow Mr. Asghar to return to work. Mr. Asghar asked Mr. Alonzo what he meant by that, and Mr. Alonzo replied: "Oh, you might have been involved with another terrorist group the last two weeks that we did not see each other, and you will be visited by an FBI agent soon."

13. On November 23, 2004, an FBI agent showed up at Mr. Asghar's home in Woodbridge. This intrusion by the FBI scared Mr. Asghar's wife, who was pregnant. The agent interrogated Mr. Asghar for approximately 45 minutes. During that time, Mr. Asghar explained to the agent about the harassment perpetrated upon him by Ms. Jackson and her manager, Mr. Brent. The agent informed Mr. Asghar that he came there at the request of Mr. Alonzo. The agent commented to Mr. Asghar that the FBI should not have been involved in this matter.

14. On November 26, 2004, Mr. Alonzo called Mr. Asghar at home and indicated that he may return to work. Due to the Thanksgiving holiday, though, Mr. Asghar returned to work on November 29, 2004. Shortly after his return to the BEP, Mr. Asghar informed Mr. Antoine Johnson and Mr. Ron Alexander (two of the vault supervisors where MR. Asghar worked) about the ordeal he had been through. After learning about what had happened to Mr. Asghar, Mr. Johnson and Mr. Alexander questioned Ms. Jackson about what had happened. Ms, Jackson informed Mr. Johnson and Mr. Alexander that she had called security on Mr. Asghar. When

Mr. Johnson and Mr. Alexander asked why she had done this Ms. Jackson replied, "He might bring a bomb in the building because he is a terrorist."

15. Mr. Asghar believes that the reason that the Bureau caused the security ordeal was because of his past EEO activity.

## Statement of Claim

15. By creating and/or permitting the actions complained of in paragraphs 8 through 14 above, the BEP intentionally violated Title VII, as amended, 42 U.S.C. § 2000e-16 *et seq.*, by discriminating and retaliating against Mr. Asghar based upon his national origin, race and/or color.

16. As a result of the BEP's unlawful conduct in violating Title VII's prohibition against discrimination based upon national origin, race and/or color, Mr. Asghar has suffered and continues to suffer damage to his career, personal and professional humiliation, and physical and emotional pain and anguish.

17. As a result of the BEP's unlawful conduct in violating Title VII's prohibition against retaliation for his prior EEO activity, Mr. Asghar has suffered and continues to suffer damage to his career, personal and professional humiliation, and physical and emotional pain and anguish.

## Prayer for Relief

WHEREFORE, Mr. Asghar prays that this Court order the following relief:

(a)     Enter judgment for Mr. Asghar against Defendant under Title VII;

(b)     Find that Defendant discriminated against Mr. Asghar by permitting a hostile work environment, due to his national origin, race and/or color;

(c)    Find that Defendant retaliated against Mr. Asghar because of his prior EEO activities;

(d)    Award Mr. Asghar compensatory damages against Defendant in the amount of $300,000.00, plus interest thereon;

(e)    Enjoin Defendant from retaliating against Mr. Asghar in the future;

(f)    Install Mr. Asghar as a permanent supervisor (KS-7);

(g)    Award Mr. Asghar his costs of this action and the administrative complaints that preceded it, including reasonable attorney's fees, with interest thereon, pursuant to 42 U.S.C. § 2000e-5(k); and

(h)    Award such other and further relief as in the opinion of this Court the interests of justice may require.

## Jury Demand

Mr. Asghar hereby requests a trial by jury in the instant case pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Respectfully submitted,

ALI ASGHAR,

By counsel,

_____
Robert A. Swick, #462810
P.O. Box 4583
Crofton, Maryland 21114
Phone: (410) 721-4443
Facsimile: (410) 510-1486
E-mail: rob@swick.com

Counsel for Plaintiff

6