UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI ASGHAR | * |
| Plaintiff, | * |
| v. | * C.A. No. 06-0400 (RJL) |
| JOHN W. SNOW, Secretary, United States Department of the Treasury, | * |
| Defendant. | * |

**REPORT OF THE PARTIES' RULE 16.3 CONFERENCE**

Counsel for the parties held a teleconference on July 13, 2006. The parties discussed the topics required by LCvR 16.3 and this Court's Order and report as follows:

**Factual Statement**

Plaintiff Ali Asghar is a 50-year-old Asian, Muslim male who was born in Afghanistan. Mr. Asghar is a resident of Woodbridge, Virginia. At all times relevant to this complaint, Mr. Asghar has worked for the Bureau of Engraving and Printing ("BEP"), located in Washington, DC as a Currency Checker Processor. The BEP is a division within the Department of Treasury. Plaintiff Asghar claims that his environment was made unlawfully hostile by his supervisors, due to his race, national origin, color, religion and/or retaliation. Plaintiff also asserts that he was denied promotion to a KS-7 Non Craft Supervisor, on the basis of his race, national origin, color, religion and/or retaliation. Plaintiff's claims are based upon violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-et. seq. Defendant denies all allegations of wrongdoing, that it did not create a hostile environment and that it did not promote Plaintiff for legitimate business reasons.

1.   **Dispositive Motions**

Defendant believes that this case will ultimately be resolved by a dispositive motion. Plaintiff disagrees and believes that a trial will be necessary.

2.   **Joinder and Amendment; narrowing of issues**

The parties propose that a deadline of 30 days after entry of the Court's Scheduling Order be established for joinder of additional parties. The parties propose that a deadline of 60 days after entry of the Court's Scheduling Order be established for amending pleadings. No factual or legal issues appear ripe for narrowing at this time.

3.   **Assignment to Magistrate Judge**

The parties do not believe this case should be assigned to a Magistrate Judge for all purposes but would consent to the assignment of this matter to a Magistrate Judge for settlement purposes only.

4.   **Settlement**

The parties are hopeful that the case may be resolved by settlement.

5.   **ADR**

Plaintiff believes that ADR may be appropriate at the midpoint of discovery, in October 2006, if not otherwise settled. Defendant recommends the parties use ADR following a ruling on dispositive motions.

6.   **Resolution by summary judgment or motion to dismiss; motions deadlines**

Defendant believes the case could be resolved by motion for summary judgment, while Plaintiff disagrees and believes the case could proceed to trial, if not otherwise settled. The parties propose the following deadlines.

Motion for Summary Judgment filed by:    January 8, 2007

    Opposition to Summary Judgment filed by:    February 7, 2007.

    Reply in Support of Summary Judgment filed by:    February 22, 2007

    Decision on Motion for Summary Judgment:    March 26, 2007

**7.**     **Initial disclosures**

The parties agree to serve initial disclosures fourteen (14) days following the issuance of the Court's scheduling order.

**8.**     **Discovery**

The parties agree that a five-month discovery period appears appropriate in this case, with discovery to close on December 6, 2006. Plaintiff proposes that ten (10) depositions be allowed for each party. Defendant believes that each party should have five (5) depositions each. The parties agree to a limit of twenty-five (25) interrogatories

The parties may propose a qualified protective order complying with the Health Insurance Portability and Accountability Act. The parties may propose another protective order relating to personnel information and will seek to arrive at a stipulated protective order, if necessary, before filing any motions for protective orders with the Court.

**9.**     **Expert witnesses**

The parties propose that Rule 26(a)(2) be followed, except that evidence intended to contradict or rebut evidence on the same subject matter by the other party be filed forty-five (45) days after the disclosure by the other party.

**10.**     **Class Actions**

This is not a class action lawsuit.

**11.**     **Bifurcation**

3

The parties do not believe that bifurcation of either the trial or discovery is necessary in this case.

**12.     Pretrial conference date**

The parties agree that the pretrial conference should be set for the first available date that is forty-five after the Court decides all post-discovery dispositive motion(s), should any be filed.

**13.     Trial date**

Plaintiff requests that a trial date be set at the status conference.  Defendant believes that the Court should set the trial date at the pretrial conference.

**14.     Special Issues**

None.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ <br> GARY T. BROWN <br> D.C. Bar No. #246314 <br> Gary T. Brown & Associates, P.C. <br> 320 Maryland Avenue, N.E. <br> Suite 100 <br> Washington, D.C. 20002 <br> (202) 393-4900 <br> Attorney for Plaintiff Ali Asghar | _____/s/_____ <br> KENNETH L. WAINSTEIN , D.C. Bar # 451058 <br> United States Attorney <br> _____/s/_____ <br> RUDOLPH CONTRERAS, D.C. Bar # 434122 <br> Assistant United States Attorney <br><br> _____/s/ _____ <br> CLAIRE WHITAKER, D.C. Bar # 354530 <br> Assistant United States Attorney <br> United States Attorneys Office <br> Civil Division <br> 555 4th Street, N.W., Room E-4204 <br> Washington, D.C. 20530 <br> (202) 514-7137 |