Attachment 5

*See p. 5 for Admission Request*

*ORIGINAL*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI ASGHAR ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-0400(RJL) |
| v. ) | |
| ) | |
| JOHN SNOW, ) | |
| SECRETARY, ) | |
| U.S. DEPARTMENT OF TREASURY ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S FIRST REQUEST FOR DISCOVERY

### FIRST SET OF INTERRROGATORIES

Comes now the Defendant and notifies the Plaintiff to answer the following questions in accordance with the applicable Federal Rules of Civil Procedure. Said interrogatories shall be answered separately and fully, in writing and under oath, and Plaintiff shall respond to the requests for admissions, under penalty of perjury, and produce the documents requested within 30 calendar days of service of this request. These interrogatories are continuing in nature and require supplementary answers if further or differing information is acquired by the Plaintiff. These interrogatories are directed to information in the possession of the Plaintiff, Plaintiff's attorney and agents and/or any party acting on behalf of, or in the interests of, the Plaintiff. If any interrogatory is unclear to you, for any reason, you are directed to communicate, through counsel, with counsel for the Defendant for a clarification of the interrogatory, before objecting or attempting to answer it.

1

*Exhibit 5*

## **DEFINITIONS**

As used herein, the terms listed below shall be defined as follows:

A. "You" and "Your" refer to Plaintiff and, in the appropriate context, include all persons acting in the interests of, or on behalf of, Plaintiff in this action, including attorneys, investigators, consultants, etc.

B. "Person" refers to natural persons as well as to all other entities, including, but not limited to, corporations, associations, partnerships, firms, organizations, and Governmental agencies or bodies.

C. "Identify," when used in reference to a natural person, means to state his or her full name, address, title and grade level for the time referenced in the particular interrogatory for which the person's identity is requested.

D. "Writing(s)" and "document(s)" have the meaning set forth in Rule 1001 of the Federal Rules of Evidence, and also refer to any and all printed, typewritten, handwritten, or drawn matters, of whatever character, and all reproductions and drafts thereof, including, but not limited to, reports, records, ledgers, calendars, letters, handwritten notes, diaries, correspondence, emails, minutes, contracts, agreements, diagrams, graphs (statistical or other), tabulations, charts, publications, and transcriptions, in whatever form maintained. If it is claimed that a document has already been provided to the Agency, identify the document and the person who has custody or control of the document, or to whom it was given.

E. "Identify," when used in reference to a "document," means to provide, with respect to the document, the following information:

(1) its title or heading, nature (e.g., letter, report, memorandum), substance, and location, with sufficient particularity to enable it to be easily identified by its custodian in response to a subpoena duces tecum or a motion to produce;

(2) its author;

(3) the person to whom it was addressed and any other recipients; and

(4) its present custodian.

In lieu of providing the information requested in an interrogatory, a writing or document that is responsive may be identified by attaching a true and legible copy thereof to your answers to the interrogatories, together with a notation indicating to which interrogatory or interrogatories, and subparts thereof, the writing or document is responsive.

F. The word "communication" means any statement by a person that is either written or oral.

G. "And" as well as "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these interrogatories and requests for admissions any information that otherwise might be construed to be outside the scope of any interrogatory, request for admission or request for documents.

H. When an interrogatory asks for the factual "basis" for any contention, statement, defense, claim, allegation, belief or conclusion, your response should include, but not be limited to, the description, identification and enumeration of:

(1) all facts relating in any way to the contention, statement, defense, claim, allegation, belief or conclusion;

3

(2) the identity of any witnesses to any event which serves as a factual basis;

(3) each and every document that records, reflects or relates in any way to such facts;

(4) each and every statement or item of testimonial or other evidence that relates in any way to such facts; and

(5) the name of each and every person consulted, relied on, or with knowledge for the substantiation of such contention, statement, defense, claim, allegation, belief or conclusion.

I. "Incident" or "occurrence" means any event or events that are the basis of your Appeal unless otherwise specified.

J. "Agency" as used herein refers to the Bureau of Engraving and Printing.

## INSTRUCTIONS

A. Each interrogatory or request for admission includes information in the possession, custody, or control of Plaintiff, his attorneys, investigators, agents, and/or other representatives.

B. Each interrogatory, request for admission and each subpart thereof, is to be answered separately and fully.

C. When an exact answer to an interrogatory or request for admission is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate.

4

D. If any of the information or documents furnished by you are not from your personal knowledge, identify each person who provided such information to you and the person to whom the information is a matter of personal knowledge.

E. If, after a reasonable and thorough investigation, using due diligence, you are unable to answer any interrogatory or request for admissions, or any part thereof, on the ground of lack of information available to you, specify in full and complete detail why the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of any interrogatory or request for admission, and set forth the facts upon which such knowledge or belief is based. Documents are to be labeled to indicate the interrogatory or request to which they respond.

F. Whenever necessary to provide a complete answer to any of these interrogatories or requests for admissions or to bring within the scope of an interrogatory or request for admission the broadest possible range of information, the singular form of a word shall be interpreted as plural and references to one gender shall include the other gender.

G. These interrogatories and requests for admissions shall constitute a continuing request for information so as to require responses to be supplemented. Any supplemental responses shall be furnished to the Agency as soon as possible after the new information becomes available.

H. For each request for admission, state whether you admit or deny each statement as written.

J.  For each request for admission that you do not offer a complete admission, you must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. Any detail shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny. You may not object to a request for admission on the basis that the matter of which the admission has been requested presents a genuine issue for trial.

## INTERROGATORIES

1.  Provide the full name, work address, home address, work phone number, home phone number and job title of every person who contributed information and/or signed the answers to these interrogatories.

2.  Identify each and every communication Plaintiff has had with an employee or agent of the Agency concerning the claims in this law suit, including his claims, if any, of discrimination, retaliation and harassment, including the identities of the parties to the communication, the date of the communication, the content of the communication, whether it was written or oral and how it relates to the discrimination claim, the retaliation claim and/or the harassment claim.

3.  State with particularity each and every fact on which Plaintiff relies in this matter in support of his claims in this law suit.

4. State the name, identity, location, address, and telephone number of any and all witnesses who have or will testify in person, including any written testimony, e.g., affidavits, depositions or other statements, on Plaintiff's behalf and provide a brief statement of their expected testimony.

5. State the relationship of each witness identified in Interrogatory No. 4 to Plaintiff's case and how long Plaintiff has known each witness.

6. State the name, identity, location, address and telephone number of any and all persons who have information that is relevant to the issues in this case, but who are not listed in the response to Interrogatory No. 4, and the nature of the information that each of those persons posses.

7. State whether Plaintiff, his attorney, or anyone acting on his behalf has obtained statements or information in any form from any person regarding any of the facts alleged in his complaint. If so, state the name, address and telephone number of each person from whom such statement was taken; the date on which each such statement was taken; the names and addresses of the persons who took such statements; and provide a detailed summary of each statement.

8. State the name of the Agency security guard who allegedly contacted Plaintiff on November 26, 2004, and informed him that he could return to work.

9. Provide the name of the Agency police officer who allegedly escorted Plaintiff to an office and questioned him on November 8, 2004, when he attempted to enter the building.

10. Describe the nature of the questions asked by abovementioned Agency police officer and the answers offered by Plaintiff.

11. Provide the name of the individual who allegedly informed Plaintiff that his supervisor, Ms. Jackson, stated that she called security on Plaintiff because she feared that he might bring a bomb into the building. State the date when this conversation occurred and the names of any witnesses to this conversation.

12. State whether Plaintiff requested leave under the Family and Medical Leave Act. If so, provide the date when the request was submitted and indicate to whom he submitted his request.

13. Indicate whether or not Plaintiff's request for leave under the Family and Medical Leave Act was granted. If so, provide the name of the individual who granted the leave.

14. Provide the name of the co-worker who allegedly referenced Plaintiff as "Chemical Ali," as well as the date and location of the conversation. Indicate whether there were any witnesses to this conversation.

15. With regards to the prior EEO cases filed by Plaintiff in 1996 and 1999, please provide the following: the basis for each complaint; the alleged discriminating official(s) named in each complaint; and the outcome of each complaint.

16. Please explain why Plaintiff believes that individuals within the Office of Security observed his interaction with Frank Floyd on November 3, 2004, via surveillance cameras. Provide the names of any witnesses who can corroborate this belief or who are knowledgeable about this incident.

17. Identify any other Agency employees within Plaintiff's division, office or section, who have taken leave under FMLA. For each employee state his/her name, position, and the date when FMLA was requested and taken.

18. Indicate whether Plaintiff was present when Ms. Jackson allegedly called him a terrorist. If he was not present for this conversation, state who relayed this information to Plaintiff and describe the circumstances surrounding this discussion. If Plaintiff was present, list all witnesses and the date of said conversation.

19. State when and where Ms. Jackson allegedly stated that "she was trapped by management." Provide a detailed summary of the conversation.

20. Indicate whether Plaintiff received advanced annual leave for his absence in April and May of 2005. If so, state how many hours of advanced annual leave Plaintiff received and state who approved the advanced annual leave.

21. Please state when and where Ms. Jackson allegedly commented on Plaintiff's religion. Describe the comments allegedly made and name anyone who was a witness to this alleged conversation.

22. Please identify all basis for any damage request.

23. Describe all situations at the Agency when Plaintiff engaged in racially charged jokes with his co-workers.

## REQUEST FOR THE PRODUCTION OF DOCUMENT

1. A copy of all documents identified, used, referred to, and/or relied upon in responding to the above interrogatories, labeling each one as to the interrogatory to which it responds, and indexing those documents with a table of contents.

2. Please produce any and all exhibits and materials about or from which each person identified in response to Interrogatory No. 1 may testify.

3. Provide a copy of every affidavit or written statement by any potential witnesses to this manner, not included in the ROI.

4. Provide a copy of all notes (personal and/or official, electronic or handwritten), electronic mail, investigations, comments (formal and informal), letters, memoranda, records of conversations, meeting dates, or any other documents regarding or relating to the complaint, including any facts relating to Plaintiff's defenses.

5. Please produce all documents upon which you intend to rely to prove or to corroborate any allegations you may present at hearing or which you intend to use at hearing.

6. Provide any and all documents or notes from the meeting with the FBI agent on November 23, 2004.

7. Provide a copy of all documents regarding Plaintiff's prior EEO complaints filed in 1996 and 1999.

8. Provide a copy of any and all documents that substantiate any of the above-listed interrogatories.

9. Provide a copy of all documents or information in any form from any person regarding any of the facts alleged in the complaint.

10. Please produce each and every document and evidence which is related to the allegations in the complaint or which Plaintiff contends may be relevant in this matter which has not been previously produced herein.

11. Provide all documents that substantiate Plaintiff's damage request.

12. Provide any written communication that Plaintiff engaged in with an employee or agent of the Agency concerning claims.

13. Provide all written statements or information in any form from any person regarding any of the facts alleged in Plaintiff's complaint.

14. Provide documentation concerning the family matters that required Plaintiff to leave work and to travel to Afghanistan from March to June 2004 and from July to November 2004.

## REQUEST FOR ADMISSIONS

1. That you visited Afghanistan for several months in 2004 through at least May 2004.

2. That you visited Afghanistan from July 2004 through at least October 2004.

3. That your biological mother died prior to your March 2004 trip to Afghanistan.

4. That, prior to taking leave without pay to visit Afghanistan in July 2004, you told Felicia Johnson that the purpose of your trip, in part, was to visit your mother.

5. That you were interviewed by an agent of the Federal Bureau of Investigation on November 23, 2004.

6. That on a date between November 2 and November 8, 2004, you were told by Glen Alonso that you may be interviewed by an agent of the Federal Bureau of Investigation, or words to that affect.

7. That the comments from your co-workers that you believe were harassing in nature stopped in February 2005 after Ron Alexander spoke with employees in your section.

8. That you told management that your complaint was not dealing with harassment from your co-workers.

11

9. That in the 2003-2004 time period, you made racially derogatory remarks to BEP co-workers.

10. That in the 2003-2004 time period, you made religiously derogatory remarks to BEP employees.

11. That Thomas Yates is an African American employee of the Bureau of Engraving and Printing.

12. That you told Thomas Yates that he had a big ass and should return to Rwanda, or words to that affect.

13. That you told Thomas Yates that Blacks like to showboat things they have, or words to that affect.

14. That you have been counseled at BEP for making inappropriate comments to BEP employees.

15. That Felicia Jackson apologized to you in January 2005, after making a comment, on January 4, 2005, concerning your wife's pregnancy.

16. That you are unaware of any other BEP employee who has traveled to Afghanistan in a private capacity (this request excludes BEP employees traveling as members of the armed forces or while on official government business).

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_/s/ Claire Whitaker_
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

## CERTIFICATE OF SERVICE

I certify that I have this 3RD day of November 2006 served the foregoing Defendant's First Set of Interrrogatories, Document Productions and Request For Admissions upon the below named counsel for Plaintiff by causing them to be hand delivered to:

Gary T. Brown
Gary T. Brown & Associates, P.C.
320 Maryland Ave, NW
Suite 100
Washington, D.C. 2002

CLAIRE WHITAKER
Assistant United States Attorney