# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALI ASGHAR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-0400 |
| ) | (RJL) |
| v. ) | |
| ) | |
| JOHN SNOW, ) | |
| SECRETARY, ) | |
| U.S. DEPARTMENT OF TREASURY, ) | |
| ) | |
| Defendant. ) | |

## **Plaintiff's Response to Defendant's Statement of Material Facts to Which it contends there is no Genuine Dispute**

Plaintiff submits that Defendant's Statement of Material Facts which it contends are not in dispute omits many relevant facts in the record. Plaintiff incorporates his statement of facts, and submits that there are disputed facts which remain for trial

1. Dispute. Plaintiff's prior EEO complaints were not resolved prior to January 2001. Plaintiff's 1999 EEO complaint was settled in February 2002. Def't Attachment 4 at 61-62. The Agency's discriminatory practices continued from 2002 through 2004. prior to January 2001. Def't Attachment 4 at 61-62.

2. Dispute. Plaintiff alleges a hostile work environment which culminated in the Agency's discriminatory practices in 2004 in identifying Plaintiff as someone who could be a terrorist who could bring a bomb into the Agency. Def't Attachment 4 at 61-62.

3. Dispute. Plaintiff returned from his second trip in late October 2004. Ex. A:12 (paragraph)

4. Dispute. Plaintiff initially requested leave through December 2004, but returned in October 2004, and met with his supervisors to advise that he was ready to return to work and was informed that it was acceptable for him to return to work. Ex. A:13-15.

5. No dispute.

6. Dispute. Plaintiff told Jackson that he needed to go to Afghanistan for family matters, and his step mother, whom he referred to as his mother was ill. Defendants' Attachment 4 at 5.

7. Dispute. Plaintiff told Ms. Jackson and Mr. Johnson that he needed to travel to Afghanistan to take care of some family business. Ex. A:13.

8. Dispute. Defendant has not presented any policy which required Mr. Brent to notify the Office of Security.

9. Dispute. Plaintiff told both Ms. Jackson and Mr. Johnson that he needed to travel to Afghanistan for family matters. Ex. A:13.

10. Dispute. Plaintiff never told anyone that he needed to travel to Afghanistan to attend to his sick mother, who was "critically ill, suffering from cancer, and was not expected to live." Ex. A:13.

11. No dispute.

12. Dispute. Plaintiff told Jackson that he needed to go to Afghanistan for family matters, and his step mother, whom he referred to as his mother was ill. Defendants' Attachment 4 at 5.

13. No dispute, but no a material fact.

2

14. Dispute. Plaintiff returned from Afghanistan in late October 2004, and returned to work without incident and met with his supervisors to advise that he had returned to work early and was prepared to report back to work. Ex. A:15-16. He was not denied access to the building until he reported to work on November 8, 2004, because his entry badge had been redlined. Id.

15. Dispute. Mr. Alonso escorted Mr. Asghar to his office and interrogated him in his office, and then told him he should remain at home until contacted to return to work and the FBI would be contacting him at his home. Ex. A:16-17. Mr. Asghar called Mr. Alonso approximately two weeks after he was sent home. Mr. Alonso told Mr. Asghar that he could have engaged in terrorist activity in the past two weeks and he should remain at home. Id.

16. Dispute. Mr. Alonso escorted Mr. Asghar to his office and interrogated him in his office, and then told him he should remain at home until contacted to return to work and the FBI would be contacting him at his home. Ex. A:16-17. Mr. Asghar called Mr. Alonso approximately two weeks after he was sent home. Id. at 17. Mr. Alonso told Mr. Asghar that he could have engaged in terrorist activity in the past two weeks and he should remain at home. Id.

17. Dispute. Mr. Asghar returned to the Agency on November 8, 2004 to report for duty. Ex. A:16.

18. Dispute. At the conclusion of the interrogation, Alonso to Mr. Asghar that the FBI would be contacting him at his home and that he could not leave the area and should remain at home. Ex. A:17.

19. Dispute. Armed FBI agents arrived at Mr. Asghar's home and interrogated him for 45 minutes. Mr. Asghar's pregnant wife was distraught and later had a miscarriage. Ex. A:18.

20. No dispute.

21. No dispute.

22. No dispute.

23. No dispute.

24. Dispute. Jackson was forced to apologize for her statements questioning Mr. Asghar's paternity of his (unborn deceased) child, and stated to Mr. Asghar as she apologized, are you happy now. Ex. A:18.

25. No dispute.